IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TABITHA D. ROBINSON, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO.  10-203-GPM |
| vs. ) | |
| ) | CRIMINAL NO. 08-30234-02-GPM |
| UNITED STATES of AMERICA , ) | |
| ) | |
| Respondent/Plaintiff. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner Tabitha Robinson's motion for relief pursuant to 28 U.S.C. § 2255.  Pursuant to a plea agreement, Robinson entered a guilty plea to charges involving production of child pornography.  On August 3, 2009, Robinson was sentenced to life imprisonment. Robinson filed an appeal, which was dismissed pursuant for Federal Rule of Appellate Procedure 42(b) and Circuit Rule 51(f).  *United States v. Robinson*, Appeal No. 09-2959 (7th Cir., filed Aug. 3, 2009).  Robinson then filed the instant motion under § 2255.

Robinson asks the Court to appoint counsel for her in this matter.  A section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Powell v. Davis*, 415 F.3d 722. 727 (7th Cir. 2005); *Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998); *Oliver v. United States*, 961 F.2d 1339 (7th Cir. 1992); *Rauter v. United States*, 871 F.2d 693 (7th Cir. 1989).  Rule 8(c) of the Rules Governing Section 2255 Proceedings, however, allows for appointment of counsel for indigent prisoners if an evidentiary hearing is required.  *See* 18 U.S.C. § 3006A(a)(2)(B); Fed. R.

§ 2255 Cases 8(c). At this time, an evidentiary hearing is not warranted, and thus the motion for appointment of counsel (Doc. 2) is **DENIED** without prejudice.

Robinson entered into a plea agreement with the Government in an attempt to benefit herself. In exchange for the benefits she received, Robinson waived her right to a direct appeal and to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives her right to contest any aspect of her conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more than severe than that recommended by the Government. Defendant knowingly and voluntarily waives her right to seek a pardon, whether before or after her release from custody.

Plea agreement at ¶ III.2 (Doc. 64, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995); *see also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir. 1995).

Robinson now claims that her guilty plea was not knowing and voluntary. She asserts that counsel was ineffective in negotiating the plea agreement and incorrectly computing her possible sentence range. She further asserts that counsel never explained to her that she could withdraw her guilty plea, or that she was waiving her right to a direct appeal and to any other collateral challenge

she might wish to lodge against her conviction or sentence. Robinson also asserts that counsel was ineffective in failing to suppress her statements to investigators, which were obtained without *Miranda* warnings.

The Court **ORDERS** the Government to file a response to Robinson's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

DATED: 08/11/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
